UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTAGRACIA GUITIERREZ-DEALMON,<br><br>Plaintiff,<br><br>v.<br><br>THIMBLE PEA PICTURES, HADDADS INC., JOHN DOES 1-10 and ABC CORPORATIONS 1-10 (said names being fictitious designations),<br><br>Defendants. | Civil Action No. 21-20477 (JXN)(JSA)<br><br><u>**OPINION**</u> |

**NEALS**, District Judge

This matter is before the Court on Plaintiff Altagracia Guitierrez-Dealmon's ("Plaintiff") motion to reinstate the Complaint. (ECF No. 6.) The Court has considered the submission[1] made in support of the motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

On December 13, 2021, Plaintiff commenced this action arising out of personal injuries sustained during a motor vehicle accident allegedly caused by Defendants Thimble PEA Pictures, Haddads Inc., Driver John Doe, John Does 1-10, and ABC Corporations 1-10 (collectively "Defendants"). (*See* Complaint ("Compl.") ¶ 14, ECF No. 1.) On March 28, 2022, the Court issued a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to effect timely

---

[1] The Certification of Plaintiff's counsel, Ramon A. Comejo, Esq. ("Comejo Cert.") submitted with Plaintiff's motion. (ECF No. 6 at 4-5.)

service. (*See* ECF No. 3.) The notice stated that the action would be dismissed on April 11, 2022, unless Plaintiff established that service was timely effected. (*Id.*) The Court did not receive any submissions from Plaintiff, and on April 25, 2022, entered an Order dismissing the case without prejudice pursuant to Fed. R. Civ. P. 4(m). (*See* ECF No. 5.)

On August 24, 2024, Plaintiff moved to reinstate the Complaint. (ECF No. 6.) According to Plaintiff's counsel, Ramon A. Comejo ("Comejo"), his office was "extremely short[-]staffed and only permitted into the office on a limited basis. (Comejo Cert. ¶ 4.) Comejo claims that there were "unforeseen delays across the board in attempting to gather all the information needed." (*Id*.) Additionally, Comejo states that there was a change in staff and when conducting a complete review of files, he "realized that a lot of tasks that [he] instructed to complete were not done by [his] previous legal assistant who is no longer with [his] office." (Comejo Cert. ¶ 5.) Comejo maintains that Defendants have not suffered any prejudice and good cause exists to reopen the case. (Comejo Cert. ¶¶ 6-10.) To date, Defendants have not filed an opposition to Plaintiff's motion.[2]

## II. LEGAL STANDARD

The Court construes Plaintiff's motion as a motion to reinstate pursuant to Federal Rule of Civil Procedure ("Rule") 60(b).

Rule 60 governs motions for relief from a final judgment, order, or proceeding. Under Rule 60(b), a party may seek relief from a final judgment and request that a case be reopened "under a limited set of circumstances." *Edwards v. New Jersey*, Civ. No. 22-2396, 2023 WL 3932848, at

---

[2] A review of the case docket shows that Service on Defendants was effectuated on August 26, 2024. (ECF Nos. 7, 12.) On October 2, 2024, Defendants' counsel, Daniel B. McMeen, Esq., filed a Notice of Appearance (ECF Nos. 8, 9), as well as an application for an extension of time to answer, move, or otherwise reply to Plaintiff's Complaint (ECF No. 10).

*2 (D.N.J. Jun. 9, 2023) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). These circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

A party moving for relief under Fed. R. Civ. P. 60(b) "carries a heavy burden" because "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)); *accord Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (noting that Rule 60(b)(6) provides "extraordinary relief and may only be invoked upon a showing of exceptional circumstances.").

The Third Circuit follows *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) when analyzing excusable neglect. "Under *Pioneer*, the determination whether a party's neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *George Harms Const. Co.*

3

*v. Chao,* 371 F.3d 156, 163 (3d Cir. 2004) (internal quotation omitted). The factors to consider include "the danger of prejudice [to the non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 163-64 (quoting *Pioneer*, 507 U.S. at 395). The Third Circuit has also instructed that the district court should consider whether the statute of limitations has expired on a plaintiff's claims. *Balyan v. Baldwin,* 566 F. App'x 175, 176 (3d Cir. 2014).

**III.   DISCUSSION**

The Court evaluates Plaintiff's motion using the four factors identified in *Pioneer*. 507 U.S. at 395.

As an initial matter, the Court notes that this action was dismissed on April 25, 2022. Plaintiff filed the motion to reopen on August 24, 2024. Thus, to the extent Plaintiff seeks relief under Rule 60(b)(1) through (3), the Court finds that Plaintiff's motion is time-barred. Such applications must be made within one year; Plaintiff's motion was filed over two years after the Order of Dismissal was entered in this case. *See* Rule 60(c) (requiring motions under subsections (1), (2), and (3) to be filed within one year).

Next, to the extent that Plaintiff's application is a motion for relief pursuant to Rule 60(b)(6),[3] which permits a District Court to exercise its discretion to set aside a final judgment for "any other reason that justifies relief." The Third Circuit has held that, in motions to vacate judgment and reopen the case pursuant to Rule 60(b)(6), a court should also consider whether there are extraordinary circumstances present that warrant relief, such as demonstrating that "an extreme

---

[3] The Court finds that nothing in Plaintiff's application suggests that Rule 60(b)(4) or (5) applies.

4

and unexpected hardship will result" if relief is not granted. *Budget Blinds, Inc. v. White*, 536 F.3d 244 (3d Cir. July 28, 2008).

    Here, the Court notes that while the two-year delay in seeking to reopen this case is long, there is no indication that the delay would impact the judicial proceedings because the case was in its beginning stages: Defendants had not yet answered the Complaint or filed a responsive pleading, and there are no significant deadlines or scheduled appearances that resulted in a waste of judicial resources. *See Won Soon Choi v. Costco Wholesale Corp.*, No. 2:19-CV-17916-WJM-MF, 2020 WL 5835146, at *5 (D.N.J. Oct. 1, 2020). Plaintiff's counsel has proffered that the reason for the delay is attributable to his office but maintains that Plaintiff has acted in good faith. Considering the exigent circumstances and difficulties described, which Plaintiff's counsel attributes to his office's delay in prosecuting this action, the Court finds that Plaintiff has sufficiently explained the reason for the delay in seeking to reinstate this Complaint. Further, there is no indication that Plaintiff or her counsel acted in bad faith, and the record is equally devoid of any evidence of the length of the delay's potential impact on judicial proceedings. In fact, Defendants did not oppose Plaintiff's motion and have sought leave to file a responsive pleading. Finally, the Court notes that because there is a two-year statute of limitations for filing a negligence claim here, like in *Balyan*, the statute of limitations on Plaintiff's claims have expired since the Complaint was filed, and thus the Court's dismissal without prejudice "effectively precludes [Plaintiff] from refiling suit." *Balyan*, 566 F. App'x at 176. Thus, the Court concludes that the *Pioneer* factors collectively weigh in favor of reinstating Plaintiff's Complaint.

    Accordingly, Plaintiff's motion for reinstatement of the Complaint will be granted. The Court notes, however, that further unexcused delays in prosecuting this case will not be tolerated

and may result in sanctions, including dismissal of this case with prejudice. Plaintiff is strongly encouraged to prosecute this action expeditiously.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's motion to reinstate the Complaint (ECF No. 6) is **GRANTED**. The case shall be reinstated. An appropriate order accompanies this Opinion.

**DATED**: January 16, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge